UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELECT SPECIALTY HOSPITAL-
PONTIAC, INC.

                                Plaintiff,     CIVIL CASE NO. 06-14987

v.

ILLINOIS TOOL WORKS HEALTH AND    HONORABLE PAUL V. GADOLA
WELFARE PLAN and ILLINOIS TOOL      U.S. DISTRICT COURT
WORKS, INC.[1],

                               Defendants.
_____/

## ORDER

Now before the Court is Defendant ITW and the Plan's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), filed January 8, 2007. Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[1] Defendants have asserted, by way of their answer, that Illinois Tool Works, Inc., has been improperly named. The answer indicates that Illinois Tool Works, Inc., also referred to as Illinois Tool Works Health and Welfare Plan in Plaintiffs' complaint, is properly known as Illinois Tool Works Inc. Medical Benefits Plan. Although the caption has not changed, the Court will now refer to the first captioned defendant as "the Plan" and the second captioned defendant as "ITW".

(1986) (emphasis added).

In the instant case, discovery has not yet taken place. The Federal Rules of Civil Procedure do not require a Plaintiff to set forth, with specificity, each and every nuance of a claim. Instead, the liberal pleading standard embodied in Rule 8(a)(2) relies on discovery as a mechanism for fleshing out additional facts that are often necessary to support or refute a party's claim. *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). At this early stage of litigation, without the benefit of discovery, it would be improper to expect Plaintiff to be able to withstand the test of proofs required of a motion for summary judgment. The plain language of Rule 56(c) clearly indicates that discovery occur before summary judgment may be granted, *see* Fed. R. Civ. P. 56(c); *Conley*, 355 U.S. at 47-48, and it is for this reason that "[t]his Court has a general policy that motions for summary judgment will not be considered until *after the close of discovery*." *Ramik v. Darling Int'l, Inc.*, 161 F. Supp. 2d 772, 776 n. 1 (E.D. Mich. 2001) (Gadola, J.) (emphasis added) (citing *McLaren Performance Techs., Inc. v. Dana Corp.*, 126 F. Supp. 2d 468, 470 (E.D. Mich. 2000) (Gadola, J.); *Helwig v. Kelsey-Hayes Co.*, 907 F. Supp. 253, 255 (E.D. Mich. 1995) (Gadola, J.)). Accordingly, the Court will deny Defendants' motion for summary judgment.

Defendants have also moved this Court for sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 11, for improperly bringing this cause of action. Defendants seek reasonable attorney fees and costs that have been incurred in responding to Plaintiff's complaint and in bringing their motion for summary judgment. Because the Court has denied Defendants' motion for summary judgment and has not yet otherwise made a determination of the propriety of Plaintiff's cause of action, the Court, being fully aware and advised in the premises, will deny Defendants' motion. The Court finds that an award of sanctions would not be appropriate at this time.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion for summary judgment [docket entry 9] is **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions is **DENIED**.

**SO ORDERED.**

Dated:     January 18, 2007                                    s/Paul V. Gadola
                                                               HONORABLE PAUL V. GADOLA
                                                               UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on  January 18, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Matin J. Galvin; Maureen H. Kinsella; Paul A. Wilhelm        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
                                                                      .

                                                               s/Ruth A. Brissaud
                                                               Ruth A. Brissaud, Case Manager
                                                               (810) 341-7845